**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-55272 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-02034-SJO-VBK |
| v. | |
| LETANTIA BUSSELL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted October 6, 2017
Pasadena, California

Before: M. SMITH, MURGUIA, and NGUYEN, Circuit Judges.

Defendant-appellant Letantia Bussell appeals the district court's decision granting partial summary judgment in favor of the government. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's decision de novo. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In June 2013, the IRS assessed an approximately $1.2 million penalty against Bussell for failing to disclose her financial interests in an overseas account on her 2006 tax return, which she was required to report in 2007. Bussell did not pay the penalty, and the government filed suit. Bussell previously had been criminally charged for concealing financial assets in 2002. On appeal, Bussell admits that she willfully failed to disclose her financial interests in her overseas account on her 2006 tax return, but she raises several arguments seeking reversal of the district court's summary judgment ruling.

1. First, Bussell contends that the IRS's penalty against her violates the Eighth Amendment Excessive Fines Clause. Bussell bears the burden to prove that the fine against her violates the Constitution. *See United States v. $132,245.00 in U.S. Currency*, 764 F.3d 1055, 1058 (9th Cir. 2014) (explaining that the claimant has the burden of establishing that the forfeiture is grossly disproportional to the offense). Generally, "a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).

Bussell relies on *Bajakajian*, for her position that the government's assessment against her is "grossly disproportional" to the gravity of her defense, and therefore violates the Excessive Fines Clause. However, the assessment against her is not grossly disproportional to the harm she caused because Bussell

defrauded the government and reduced public revenues. *See United States v. Mackby*, 339 F.3d 1013, 1017–18 (9th Cir. 2003). Therefore, Bussell has failed to carry her burden to establish that the penalty is grossly disproportional to her offense.

    2. Bussell also asserts that the government violated the statute of limitations by failing to bring its claim earlier. The applicable statute of limitations is six years. 31 U.S.C. § 5321(b)(1). Because Bussell failed to disclose her financial interests in 2007, the statute of limitations began to run at that time. The IRS assessed a penalty against Bussell within the statutory period in June 2013, and the government's claim against Bussell is connected to that assessment. Therefore the government did not violate the statute of limitations.

    3. Bussell next asserts the assessment against her violated her due process rights because the government could have brought the claim against her earlier. Because the government's claim is connected to Bussell's failure to report assets in 2007, the government could not have brought its claim before 2007, and, as explained above, the government brought its claim within the statute of limitations. Therefore Bussell is not entitled to relief under this theory.

    4. Bussell also asserts that the assessment against her violates the Ex Post Facto Clause, U.S. Const. art. I, § 9, cl. 3, which prohibits the imposition of a new criminal punishment for conduct that has already taken place. *See Kansas v.*

*Hendricks*, 521 U.S. 346, 370 (1997). Because the Ex Post Facto clause does not apply to civil statutes unless they have a punitive purpose or effect, *see Smith v. Doe*, 538 U.S. 84, 92 (2003), it is not applicable here.

    5.  Bussell also asserts that she has received "multiple punishments" for the same underlying offense. Even if the funds at issue here were traceable to the funds at issue in her criminal prosecution, the offense here, failing to report her foreign bank account on her 2006 tax return, was unrelated to her criminal conviction.

    6.  Bussell suggests that the IRS abused its discretion in calculating the penalty amount, and that the district court committed legal error by not engaging in analysis of the reasonableness of the penalty. Because the district court reviewed Bussell's penalty when it reduced it, and the assessment is consistent with the limits set by Congress, *see Mackby*, 339 F.3d at 1017–18 (explaining the penalties available under the False Claims Act, 31 U.S.C. §§ 3729–3733), Bussell has not shown that the district court erred in reviewing the assessment against her.

    7.  Bussell next argues that the government's claim is barred by laches. Bussell offers no authority for applying laches against the government in this context. Generally, the United States "is not bound by . . . laches in enforcing its rights." *Chevron, U.S.A., Inc. v. United States*, 705 F.2d 1487, 1491 (9th Cir. 1983); *see Costello v. United States*, 365 U.S. 265, 281 (1961) (noting that the

Court has "consistently adhered" to the principle that "laches is not a defense against the sovereign"). Therefore, Bussell's laches defense is inapplicable here.

      8.  Lastly, Bussell argues that introduction of banking evidence at the district court violated an international treaty between the United States and Switzerland. Because Bussell has not shown that the treaty she relies on creates an enforceable right, *see United States v. Mann*, 829 F.2d 849, 852 (9th Cir. 1987), Bussell is not entitled to relief under this theory.

      AFFIRMED.